# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**THOMAS RACKLEY**                                                                          **PLAINTIFF**

v.                              **CASE NO. 4:24-CV-00426-BSM**

**SKIPPY FOODS, LLC,** *et al.*                                                      **DEFENDANTS**

## ORDER

Thomas Rackley's motions to amend [Doc. No. 7] and remand [Doc. No. 9] are granted. The clerk is directed to file Document 7-1 on the docket as Rackley's amended complaint and then immediately remand this case to Saline County Circuit Court.

Skippy Foods, LLC removed this case on May 13, 2024 [Doc. No. 1], and Rackley moved to amend his complaint and to remand on June 6 [Doc. Nos. 7–10]. Rackley is an Arkansas citizen whose original complaint asserts race discrimination, disability discrimination, and retaliation claims under the Arkansas Civil Rights Act against Skippy, a Minnesota company, as well as a defamation claim against Harold Britton, an Arkansas citizen. Doc. No. 2. Rackley wants to amend his complaint to add Hormel Foods Corporation, a Minnesota company, and Tierney Redmon, an Arkansas citizen, as defendants. Doc. No. 7 at 1. Rackley's claims against Skippy and Britton would remain the same, while his claims against Hormel would essentially mirror those against Skippy and his claim against Redmon would allege defamation. *Id.* Skippy opposes the requested amendment and remand. Doc. Nos. 13 & 14.

Rackley argues amendment should be granted because it would not be futile, asserting

that: (1) statements internal to a corporation can be considered publication for purposes of a defamation claim; (2) the statements were not internal; and (3) the statements were not privileged. Doc. No. 8 at 1–5, Doc. No. 15 at 2–7. Rackley contends that he has stated claims for defamation against Britton and Redmon and that remand is therefore appropriate because there is no federal question or diversity jurisdiction. Doc. No. 10 at 1.

Skippy asserts that the requested amendment should be denied as futile because, with respect to Rackley's only claims against non-diverse defendants: (1) Rackley has failed to plausibly allege publication; and (2) even if the statements were published, they were privileged. Doc. No. 13 at 2–5. Diversity jurisdiction would exist if, as Skippy requests, the claim against Britton is dismissed and Rackley's motion to amend is denied. Doc. No. 14 at 1.

While Skippy makes a compelling argument, so does Rackley. Rackley alleges that Britton and Redmon made blatantly false statements about him so he would be fired because of racial animosity and because they resented the accommodations he received for his disability. Doc. No. 8 at 4. Moreover, Rackley contends that defendants have given mixed signals through the EEOC process and the initial stages of this litigation as to whether he was an employee of Skippy or Hormel and as to whether Britton and Redmon are employed by either Skippy or Hormel. *Id.* at 5; Doc. No. 7-1 at 2. In *Navorro-Monzo v. Hughes*, the Arkansas Supreme Court held: "There may be publication to any third person. It may be made to a member of the plaintiff's family, including his wife, or to the plaintiff's agent or employee. It may be made to the defendant's own agent, employee, or officer, even where

the defendant is a corporation." 763 S.W.2d 635, 637 (Ark. 1989) (citation omitted). In light of this, "there is arguably a reasonable basis for predicting that [Arkansas] law might impose liability based upon the facts involved." *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 811 (8th Cir. 2003). While Rackley's defamation claims against Britton and Redmon are questionable, "in situations where the sufficiency of the complaint against the non-diverse defendant is questionable, 'the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide.'" *Id.* (quoting *Iowa Pub. Serv. Co. v. Medicine Bow Coal Co.*, 556 F.2d 400, 406 (8th Cir. 1977)). Based upon Rackley's allegations which are accepted as true at this point in the litigation, publication may have occurred, and the alleged statements are arguably malicious enough to overcome any qualified privilege.

Rackley, "not the defendants, is the master of his complaint." *Davis v. Hall*, 375 F.3d 703, 717 (8th Cir. 2004). Rackley only sues the defendants for state law civil rights violations and state law torts. And, there is not complete diversity. Therefore, this matter does not belong in federal court.

IT IS SO ORDERED this 1st day of July, 2024.

*[signature: Brian S. Miller]*
UNITED STATES DISTRICT JUDGE